**Robert J. HUNT, Plaintiff—Appellant,**

v.

**Michael EVERITT; Bradley Bishop; Irwin Pasternack, Defendants—Appellees.**

**No. 03–15003.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2004.

Decided March 22, 2004.

Kevin Koelbel, Counters & Koelbel PC, William R. Hobson, Esq., Law Offices of William R. Hobson, Tempe, AZ, for Plaintiff–Appellant.

Michael S. Dulberg, Esq., Burch and Cracchiola, P.A., Kimball J. Corson, Esq., Kimball Corson, PLLC, Ray K. Harris, Esq., Fennemore Craig, P.C., Phoenix, AZ, for Defendants–Appellees.

Before: HALL, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM *

Appellant Hunt challenges the district court's denial of his motion for attorneys' fees. We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm the ruling below.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We review the district court's denial of fees under the Copyright Act for an abuse of discretion. *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814–15 (9th Cir.2003). We review *de novo* whether the district court applied the proper legal standard to determine that fees should not be shifted. *Sea Coast Foods, Inc. v. Lu–Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1058 (9th Cir.2001).

The Copyright Act provides that no award of attorneys' fees "shall be made for any infringement of copyright in an unpublished work commenced before the effective date of its registration." 17 U.S.C. § 412. In its order of July 31, 1997, the district court found that the defendants' alleged infringement of Hunt's architectural plans commenced before Hunt registered his copyright on March 15, 1995. By February of 1995, the court noted, the plans had already been submitted to the city for review. Despite Hunt's argument on appeal, the building's construction did not constitute a separate infringing act for purposes of § 412. Because any infringement commenced before Hunt registered his copyright, § 412 precludes fees from being awarded to Hunt.

Assuming, however, that the district court retained discretion to award fees under 17 U.S.C. § 505, the court permissibly exercised its discretion by declining to award fees. The court's suggestion that Hunt was not a prevailing party within the meaning of § 505 was questionable in light of our decision in *Barrios v. California Interscholastic Federation*, 277 F.3d 1128, 1134 (9th Cir.2002). But even as a prevailing party, Hunt was not automatically entitled to fees under the Copyright Act. Section 505 provides that "the court *may* also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (emphasis added). The Supreme Court has held that under the Copyright Act, "fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). We have held that "district courts are given wide latitude to exercise 'equitable discretion'" in awarding fees to prevailing parties in copyright infringement actions. *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1229 (9th Cir.1997) (*quoting Fogerty*, 510 U.S. at 534).

In declining to award fees to Hunt, the district court cited relevant authority and stated that it was "exercis[ing] its discretion." The court found that the Rule 68 offer, while silent as to fees, was intended to be the entire settlement agreement. This was a reasonable conclusion.

**AFFIRMED.**